UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARC D. MANSON, on behalf of himself
and all others similarly situated,

        Plaintiff,

                                              Case No. 04-73374

v.

                                              Honorable Patrick J. Duggan

MCI, INC. and TELECOM*USA, INC.

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S FEBRUARY 24, 2005 DISMISSAL ORDER**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on MAY 4, 2005.

    PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                         U.S. DISTRICT COURT JUDGE

On August 30, 2004, Plaintiff brought this putative class action lawsuit alleging that Defendants engaged in improper billing practices with respect to certain domestic and international long distance telephone services, specifically their "10-10-987" plan. Presently before the Court is Plaintiff's motion for partial reconsideration of this Court's February 24, 2005 Opinion and Order Granting Defendants' Motion to Dismiss.

In its February 24 Opinion and Order, the Court dismissed Plaintiff's claims as

moot because Defendant MCI, Inc. ("MCI") had issued a credit to Plaintiff on October 27, 2004, in an amount at least equal to the full amount of the charges disputed by Plaintiff in his Complaint.  As MCI issued the credit before Plaintiff filed his motion for class certification, the Court further held that dismissal of the entire action was required.

Plaintiff asks the Court to reconsider its dismissal of the putative class members claims based on the Sixth Circuit's subsequent decision in *Carroll v. United Compucred Collections, Inc.*, Case No. 03-5766 (6th Cir. March 2, 2005).  Plaintiff further argues that the Court made two palpable mistakes in reaching its decision.  First, Plaintiff contends that the Court failed to consider that it had stayed Plaintiff's motion for class certification.  Second, Plaintiff argues that the Court erred in inferring that Defendants were not merely attempting to "pick off" the named Plaintiff's claims in an attempt to thwart a class action.

Motions for reconsideration are governed by Eastern District of Michigan Local Rule 7.1 which provides:

> (3) Grounds.  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(g)(3).  Thus the Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that the defect misled the Court and the

parties, and (3) that correcting the defect will result in a different disposition of the case. *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002).  A palpable defect is one which is obvious, clear, unmistakable, or plain.  *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).  The Court does not find that it committed a palpable defect in ruling on Defendants' motion to dismiss, nor is it persuaded that the Sixth Circuit's recent decision in *Carroll* warrants a different result.

The procedural facts in *Carroll* are significantly distinguishable from the present matter.  In that case, the plaintiffs filed their putative class action lawsuit in September 1999.  In April 2000, they filed a motion for class certification which the district court referred to a magistrate judge for a report and recommendation ("R&R").  In November 2002, the magistrate judge issued an R&R recommending that the district court certify the class.  The defendant only made an offer of judgment to the plaintiffs and the putative class *three months later*.  Thus even though the district court had not accepted the magistrate judge's recommendation and certified a class, the motion had been filed and a recommendation on the motion had been made prior to the defendant's offer of judgment. These facts were critical to the Sixth Circuit in reaching its decision to uphold the district court's denial of the defendant's motion to dismiss.  Slip Op. at 5.

Here, MCI issued a credit to Plaintiff and therefore mooted his claims less than one month after he filed his lawsuit and before he filed his motion for class certification.[1]

---

[1]MCI issued a credit to Plaintiff on October 27, 2004; Plaintiff filed his motion for class certification on November 22, 2004.  *See* 2/24/05 Op. and Order Granting Def.'s

In fact, Plaintiff filed his motion for class certification after Defendants filed their motion to dismiss based on MCI's credit.  Thus unlike *Carroll*, Plaintiff's motion for class certification was not even pending when MCI mooted his claims.

For that reason, the Court finds disingenuous at best Plaintiff's contention that the Court made a "palpable mistake" in granting the motion to dismiss because it failed to consider that it had "stayed proceedings and discovery" with respect to the motion for class certification on December 17, 2004.  Plaintiff argues that "[t]his stay of class proceedings is very significant here, because the language in [*Brunet v. City of Columbus*, 1 F.3d 390 (6th Cir. 1993)] that the Court relied on - - that an action should be dismissed if the named Plaintiff's claim becomes moot 'before certification' - - would not apply here if Plaintiff's Class Motion had been timely resolved."  *See* Pl.'s Mot. at 4.  Again, MCI issued its credit to Plaintiff and, in this Court's opinion, therefore mooted his claims *before* he filed his motion for class certification.  Thus contrary to Plaintiff's argument, this Court's order staying proceedings and discovery with respect to class certification was not "very significant" because Plaintiff's claims were moot before he even filed his motion for class certification.

For the same reason, the Court also concludes that it did not commit a palpable error in refusing to extend the exception for cases where a defendant is attempting to "pick off" the claims of the named plaintiffs in order to avoid a class action.  In *Brunet*,

---

Mot. to Dismiss at 5.

4

the Sixth Circuit specifically refused to extend this exception beyond those cases where "a motion for class certification has been pursued with reasonable diligence *and is then pending before the district court* [when the settlement offer was made]." Again, Plaintiff's motion for class certification had not even been filed and therefore was not pending when MCI credited his account and mooted his claims.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for partial reconsideration is **DENIED**.

_____
s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Michael G. Wassmann, Esq.
Robert J. Franzinger, Esq.
Sidney L. Frank, Esq.